660 A.2d 1271

IN THE MATTER OF THE DECLARATION
OF DEATH OF DOMINICK SANTOS JR.

Superior Court of New Jersey
Chancery Division Probate Part
Middlesex County

Decided April 14, 1994.

*Richard J. Allen,* for defendants, Donna & Robert Santos.
*Edward K. Zuckerman,* for plaintiff, Hope Santos.

LONGHI, J.S.C.

In *Vasconi v. Guardian Life Insurance Company,* 124 *N.J.* 338, 590 *A.*2d 1161 (1991), the Supreme Court ruled that when divorcing parties execute a written property settlement agreement which resolves all issues dealing with the distribution of marital assets and also revokes all interests each has in the other's estate in the event of death such agreement creates a rebuttable presumption that a deceased divorced spouse intended to revoke the former spouse's beneficiary interest in his or her life insurance policy.

Today this court is asked to expand *Vasconi* beyond its facts. The question presented is whether a divorce decree standing alone impliedly revokes a divorced party's beneficiary interest in the life insurance policy of a deceased former spouse.

The facts are not in dispute. Plaintiff, Hope Santos, is the former wife of Dominick Santos, Jr. (Dominick). They were married in June 1980 and resided in Edison, New Jersey. On May 18, 1988, Dominick disappeared and was never seen again. At the time of his disappearance he owned or had an interest in various assets, including two policies of insurance on his life where Hope Santos was named as the sole beneficiary.

On May 3, 1989, Hope Santos obtained a Judgment of Divorce from Dominick in the State of New Jersey. Dominick was neither present nor represented throughout the divorce proceedings. All of Dominick's assets were distributed to Hope Santos pursuant to the Judgment of Divorce, with the exception of an interest in a plumbing company and interests in real property in the City of Newark. The divorce decree, however, is silent with regard to the two life insurance policies.

On June 2, 1993, plaintiff filed a verified complaint and order to show cause seeking to have Dominick declared dead pursuant to *N.J.S.A.* 3B:27-1, *et seq.* Defendants Robert and Donna Santos, emancipated children by a former marriage, filed an answer and counterclaim. They too sought a declaration that Dominick be declared dead. However, in their counterclaim they sought a ruling that the Judgment of Divorce revoked the designation of Hope Santos as the beneficiary in Dominick's life insurance policies. They also sought a ruling that Dominick's estate is entitled to the proceeds. On September 7, 1993, this court declared Dominick to be dead as of May 19, 1993. The issues raised by the counterclaim were carried. Because Dominick did not make a will he died intestate. Plaintiff now moves for an order that she is entitled to the proceeds of the two life insurance policies. Defendants cross move for a declaration that the proceeds be paid to Dominick's estate.[1]

---

[1] The order declaring Dominick Santos Jr. dead pursuant to *N.J.S.A.* 3B:27-1 *et seq.* creates a presumption that he died on May 19, 1993. The parties on this motion are merely seeking a declaration as to who would be entitled to the

Defendants contend that this is the appropriate case for the court to expand the ruling in *Vasconi*. I disagree.

The general rule of law is that the beneficiary of a life insurance policy can only be changed by a writing, and in the manner prescribed by the policy. *DeCeglia v. Estate of Colletti*, 265 *N.J.Super.* 128, 625 *A.*2d 590 (App.Div.1993). In *Vasconi*, the Supreme Court created a narrow exception to this rule. In that case decedent took out two life insurance policies naming his wife as the sole beneficiary. The parties subsequently divorced. The divorce decree incorporated a duly written and executed property settlement agreement between the parties. The agreement made no reference to the insurance policies. However, the parties in the agreement "did waive generally all interest in each other's estate in the event of death." *Vasconi, supra*, at 340, 590 *A.*2d 1161. The parties also attached a separate schedule to the agreement which provided that "[a]ny and all other personal property not mentioned in this agreement which is presently in the possession, ownership, or name of the respective parties as of the date hereof, will remain in their individual possession and ownership." *Id.* at 341, 590 *A.*2d 1161. Decedent died approximately one and one half years after the divorce without changing the designated beneficiary. Decedent's executor brought an action on behalf of the estate for the value of the two life insurance proceeds. He argued that the divorce and property settlement agreement should be regarded as removing the former wife as beneficiary of the life insurance policies. The trial court awarded the policies to the former spouse. The Appellate Division affirmed. The Supreme Court reversed, holding that when divorcing parties enter into a property settlement agreement which:

purports to settle "all questions pertaining to their respective interests in distribution of the marital assets," the proceeds of a life insurance policy ... should ordinarily be considered as encompassed within the terms of the settlement agreement. *Such a settlement agreement and waiver of interest* in the property of

proceeds of the life insurance policies. Whether or not those policies remain in existence and in what amounts is not before me.

the deceased spouse should be regarded as presumptively revoking the non probate transfer of insurance proceeds.

[*Id* at 346, 590 *A*.2d 1161 (emphasis added).]

The Court remanded the case to the trial level for a determination of whether the presumption revoking the former spouse as the beneficiary of the life insurance policies had been overcome by the former spouse. The Court specifically declined to decide the issue of whether a divorce in and of itself would be sufficient to revoke the designation of a former spouse as a beneficiary of a life insurance policy.

The case before me is distinguishable from *Vasconi.* In *Vasconi* the Supreme Court had a written instrument incorporated in a divorce decree from which to glean the probable intent of the divorcing parties and thus carve out an exception to a general rule. The Court stated "[a] beneficiary designation must yield to the provisions of a separation agreement expressing an intent contrary to the policy provision." *Id.* at 347, 590 *A*.2d 1161. In the present case, there is nothing in the record from which to even hazard a guess as to Dominick's probable intent with regard to the disposition of life insurance proceeds in the event of a divorce. There is no property settlement agreement. There is only a judgment of divorce obtained in Dominick's absence. That judgment is silent as to the disposition of the insurance policies. Counsel for defendants nevertheless argues that this is the case to pronounce that a divorce by itself impliedly revokes a divorced spouse's beneficiary interest in the other spouse's life insurance policy. The New Jersey Supreme Court and the State Legislature have each declined opportunities to do what counsel asks.

 In 1978, the State Legislature addressed the legal and equitable issues which arise when a divorcing party dies testate but neglects to remove the former spouse as a beneficiary in a will made while the parties were married. The Legislature enacted *N.J.S.A.* 3B:3–14. That statute, in essence, declares that a divorce revokes that portion of the will which retains the name of a divorced spouse as a beneficiary. The Legislature chose not to address the problems presented when a divorcing party dies

without having removed the former spouse as beneficiary in a life insurance policy. There is no reason to believe the Legislature was unaware of the potential inequities created by both set of circumstances yet it ignored the latter.

The Supreme Court in *Vasconi* recognized the absence of legislative guidance. After noting the enactment of *N.J.S.A.* 3B:3–14, it stated "[j]ust why a non probate asset should be treated differently from a probate asset does not yield a satisfying answer." *Id.* at 344, 590 *A.*2d 1161. Writing for the majority, Justice O'Hern went on to state: "If '[d]ivorce usually represents a stormy parting, where the last thing one of the parties wishes is to have an earlier will carried out giving everything to a former spouse,' why should it be thought that insurance proceeds are different?" *Id.* at 345, 590 *A.*2d 1161. Nevertheless, the Court specifically declined to decide the question of whether a divorce by itself impliedly revokes a divorced spouse's beneficiary's interest in a life insurance policy. Finally, Justice O'Hern wrote, "We need not decide the broader question today." *Id.* at 346, 590 *A.*2d 1161.

■ This case is not the appropriate vehicle for a trial court to expand a narrow ruling by the Supreme Court which was itself a departure from the common law of New Jersey. Trial Courts should not expand the common law of the State in areas where the Supreme Court and the Legislature have already declined the opportunity to do so. Such matters are best left to the appellate tribunals.

■ The Judgment of Divorce obtained by Hope Santos does not revoke the provision in Dominick's life insurance policy designating her as beneficiary. I further hold that it does not create a presumption that decedent would have intended to revoke the very same provision of his life insurance policy. Plaintiff's motion for Summary Judgment is granted. The cross motion is denied. Plaintiff's counsel should prepare an appropriate order and submit same under the five day rule.