660 A.2d 1206

IN THE MATTER OF THE DECLARATION OF DEATH OF DOMINICK SANTOS, JR.

Superior Court of New Jersey
Appellate Division

Argued May 15, 1995—Decided June 30, 1995.

Before Judges VILLANUEVA and BILDER.

*Richard J. Allen, Jr.* argued the cause for appellants Donna L. Santos and Robert D. Santos (*Mr. Allen,* attorney and on the brief).

*Edward K. Zuckerman* argued the cause for respondent Hope Santos (*Mr. Zuckerman,* attorney and on the brief).

PER CURIAM.

This is an action in the Probate Part by a divorced wife, plaintiff Hope Santos, who is the named beneficiary in two life insurance policies of her declared-deceased former husband, Dominick, to obtain the proceeds of the policies. Relying upon *Vasconi v. Guardian Life Insurance Co.,* 124 *N.J.* 338, 590 *A.*2d 1161 (1991), Dominick's heirs, Donna and Robert Santos, have resisted that claim, and by way of counterclaim, have sought a declaration that Hope has no interest in the policies.

Donna and Robert appeal from an order granting Hope a summary judgment dismissing the counterclaim, denying Donna's and Robert's motion for summary judgment, and vacating an earlier order requiring Hope's attorney to hold the proceeds of the

policies in trust.  *See* 283 *N.J.Super.* 26, 660 *A*.2d 1271 (Ch.Div. 1994).   However, distribution of those proceeds has been stayed pending appeal.

Hope and Dominick Santos, Jr. were married in June 1980. Dominick has two emancipated adult children—Donna and Robert—by a previous marriage and a minor child of the marriage with Hope, Michael Santos, who resided with them.

On May 18, 1988, Dominick Santos, Jr. disappeared, leaving no trace of his whereabouts.   At the time, Dominick and Hope were deeply in debt and their house was being foreclosed.   In order to sell the home, Hope instituted a suit for divorce against Dominick, serving him by mail addressed to his relatives.   Dominick never appeared in the divorce proceedings and a judgment of divorce was entered May 3, 1989, distributing all of the marital assets to Hope, except for a plumbing business and its equipment which had been operated by Dominick and his adult son, and except for Dominick's interest in real property which was owned jointly by him and his mother.   The judgment of divorce did not mention life insurance policies.   In fact, two life insurance policies had been issued on Dominick's life, both naming Hope as the beneficiary.

The insurance policies insured the life of Dominick Santos, Jr. and were acquired during his marriage with plaintiff.   The policies provide that Hope is the named beneficiary but provide no alternate beneficiary.

On June 2, 1993, plaintiff Hope Santos filed a verified complaint to have Dominick Santos, Jr. declared dead.   Plaintiff admitted that she and Dominick Santos "did not have a particularly happy marriage," but denied any intent on behalf of Dominick Santos to obtain a divorce.   Defendants Donna L. Santos [1] and Robert D. Santos filed a verified answer and counterclaim.   A dispute existed between Hope and defendants regarding the proceeds of the two insurance policies ($20,000 and $50,000).   Proceeds of one of

---

[1] In later proceedings, she was referred to as Donna Pretko.

the policies is being held in trust pending resolution of the issues raised in defendant's counterclaim. The entitlement to benefits under other policy is in dispute in other litigation.

Without disputing the basic facts going to the declaration of death, defendants argued in the trial court that Hope lacked standing to seek a declaration of death based on the May 3, 1989 judgment of divorce. Defendants also contended that the judgment revoked any status of Hope as a beneficiary of the life insurance policies. Defendants additionally counterclaimed, seeking a declaration of death.

On or about September 7, 1993, the court entered a judgment declaring that Dominick Santos, Jr. was dead from and after May 19, 1993 (five years after his disappearance) and reserved all issues raised by the counterclaim for further order of the court. In an amended counterclaim, defendants sought a declaratory judgment confirming that Hope was not a beneficiary of the life insurance policies and instead, the policies should be paid to the Estate of Dominick Santos, Jr. for the benefit of the heirs of the Estate.

Plaintiff and defendants each moved for summary judgment. The trial court granted plaintiff's summary judgment motion, dismissing the amended counterclaim and vacating the order requiring Edward K. Zuckerman to hold the proceeds of any insurance policy in trust pending resolution of the issues presented by the counterclaim.

We affirm substantially for the reasons set forth by Judge Longhi in his comprehensive written opinion dated April 14, 1994.